Río v. Vázquez.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 573.—Resuelto en febrero 14, 1911.

Injunction.—Impugnada la procedencia de una orden de *injunction pendente lite*, por medio de una moción interesando su disolución, no cabe proponer y discutir idéntica cuestión en una contestación, siendo lo procedente discutir en definitiva el asunto dentro del procedimiento en que ha de ventilarse el pleito principal, y en el que puede hacerse firme y definitivo el *injunction* que se decretara provisionalmente.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. N. B. K. Pettingill y Fernando Vázquez.*

Abogado del apelado: *Sr. Mariano R. Acosta.*

El Juez Asociado, Sr. del Toro, emitió la opinión del tribunal.

José León Río presentó una demanda en la Corte de Distrito de Aguadilla, dirigida contra Fernando Vázquez, sobre cumplimiento de contrato, y una solicitud para que se expidiera una orden de *injunction* preliminar prohibiendo la venta en pública subasta de cierta finca, hasta que se resolvieran los derechos del demandante reclamados en la expresada demanda. La orden fué expedida, fijándose en cuatro cientos pesos, la fianza que debía prestar el peticionario.

El demandado Vázquez presentó una moción solicitando que se disolviera el *injunction,* y la corte, después de oir a ambas partes, declaró sin lugar la moción del demandado. Contra esta resolución de la corte apeló el demandado para ante esta Corte Suprema, que resolvió el recurso por sentencia de 11 de febrero actual, confirmando la resolución apelada.

Pendiente el pleito principal sobre cumplimiento de contrato y la apelación interpuesta contra la orden de la corte de distrito negándose a disolver el *injunction* preliminar expedido, el demandado Vázquez presentó una contestación a la solicitud de *injunction* preliminar, y el caso fué nuevamente discutido por ambas partes y decidido por la corte de distrito en contra del demandado por resolución de 3 de mayo de 1910, contra la cual se interpuso el presente recurso de apelación.

Uno de los fundamentos de la resolución apelada, bastante para sostenerla, dice así:

"Finalmente, resuelta por la corte la cuestión de la disolución o revocación de la orden de *injunction* a virtud de solicitud presentada por el demandado, y apelada por el mismo la resolución negando la disolución, no cabe en buena lógica jurídica volver sobre lo mismo que ha sido ya juzgado, proponiendo de nuevo idéntica cuestión; según el principio "*non vis ni idem.*" (debe decir: *non bis in idem.*")

El lugar apropiado para discutir en definitiva el asunto, sería dentro del procedimiento en el que ha de ventilarse el pleito principal, y en donde ha de hacerse firme y definitivo el *injunction* decretado, que no es más que un mero incidente de lo principal."

Pero aún cuando consideráramos el caso y lo resolviéramos por sus propios méritos, nuestra resolución tendría que ser contraria a las pretensiones de la parte apelante. Los mismos errores alegados en la apelación de la orden negando la disolución del *injunction,* se repiten aquí; y, por los motivos consignados en la opinión de esta corte, que es la ley de este caso, al resolver aquel recurso, deberíamos decidir que no se han cometido los errores alegados, y que la corte dictó la orden de *injunction* preliminar en el ejercicio de su jurisdicción y de acuerdo con la ley y la jurisprudencia.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmado.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados, MacLeary y Wolf.

El Juez Asociado, Sr. Aldrey, no intervino en la resolución de este caso.